IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Respondent/Plaintiff,

v.                                        Civil No. 11-0249 BB/RHS
                                        Criminal No. 09-3087 BB

SALVADOR CASTELLANOS,

       Petitioner/Defendant.

## PROPOSED FINDINGS AND RECOMMENDATIONS

This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.§ 2255.  On March 21, 2011, Petitioner Salvador Castellanos filed his motion attacking the judgment and sentence entered by the United States District Court in for the District of New Mexico in *United States v. Castellanos*. No. CR 09-3087 BB. [CV Doc. 1.]  The United States of America ("government") responded on May 25, 2011. [CV Doc. 6.]  Petitioner replied on July 18, 2011. [CV Doc. 7.]

## FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2009, Petitioner entered a Border Patrol Checkpoint located on I-10, west of Las Cruces, New Mexico. [CR Doc. 34, ]  He was driving a Chevrolet truck and was the sole occupant. Id.  Petitioner was towing a second truck. Id.  He consented to the seach of the vehicles by the Border Patrol agent which resulted in the discovery of over 30 kilograms of cocaine. Id.  Petitioner was arrested and charged with "[k]nowingly and intentionally possessed, with intent to distribute, approximately forty-three (43) pounds of cocaine...in violation of Title 21, United States Code 841." [CR Doc. 1.]

On July, 27, 2009, the Court appointed attorney Jane Greek to represent Petitioner.

Petitioner entered into a Plea Agreement with the United States Attorney for the District of New Mexico. [CR Doc. 34.]  On February 12, 2010, Petitioner entered a plea of guilty to an indictment charging him with possession with intent to distribute five (5) kilograms and more of a mixture and subtance containing a detectable amount of cocaine, and aiding and abetting, in violation of 21 U.S.C.§§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.  Id.  Petitioner is a native Spanish speaker.  An interpreter was utilized for translation at the plea hearing. [Tr. 3:2] Petitioner testified under oath at the plea hearing that he understood the terms of the Plea Agreement specifically including waiving his right to appeal any sentence that conformed to the Plea Agreement and his right to collaterally attack his conviction with a § 2255 petition. [Agreement at 7, ¶12.]  The only issue which Petitioner did not knowingly and intentionally waive is the ability to attack for ineffective assistance of counsel. Id.

On February 12, 2010, Petitioner appeared before The Honorable Lourdes A. Martinez, United States Magistrate Judge, to testify as to the Plea Agreement in detail and to confirm Petitioner's understanding of the Agreement. [CR Doc. 50, Transcript.]  At this hearing, Petitioner's testimony confirmed that he reviewed the Plea Agreement with his attorney, and understood each and every provision fully and completely. [Tr. 14:12-15:2.]  Petitioner stated that the Plea Agreement was read to him in Spanish before he signed it. [Tr. 4:12-14.]  Petitioner also testified that he understood that he was giving up the right to have his case tried before a jury. [Tr. 18:16-21:12.]  Petitioner further testified that he understood that he waived his right to appeal or collateral attack with the exception of ineffective assistance of counsel. [Tr 18:7-12.] Petitioner admitted to all of the facts contained in the Plea Agreement, and entered his guilty plea; the Court accepted Petitioner's guilty plea as "knowing and voluntary."  [Tr 19:1 - 21:25.]

According to the Presentence Investigation Report (PSR), the guideline range for Petitioner's offense was ten (10) years to life imprisonment. [PSR at 10.] When the government and Petitioner entered into the Agreement certain reductions from the base offense level were determined resulting in a seven-level reduction from the base offense level. Id. Ultimately, the PSR recommended an Advisory Guideline sentencing range from 41 months to 51 months. Id.

On May 18, 2010, the Honorable Bruce D. Black, District Judge, sentenced Petitioner to a term of imprisonment of 41 months to be followed by supervised release for a period of three years. [CR Doc. No. 49, Sentencing Hearing Transcript 5:12-24.] The Court entered judgment on May 26, 2010. [CR Doc.38.] On December 12, 2010, Petitioner filed his Notice of Appeal of Final Sentence Pursuant to 18 § 3742. [CR Doc.40.] The government filed its Motion to Dismiss for untimeliness. On January 25, 2011 the United States Court of Appeals for the Tenth Circuit dismissed the appeal for failing to comply with the time limit in Fed. R. App. P. 4(b)(1)(A). On March 21, 2011, Petitioner filed this § 2255 motion asserting ineffective assistance of counsel.

## LEGAL STANDARD

Petitioner's § 2255 motion argues that he was denied effective assistance of counsel and therefore the Plea Agreement and sentence should be set aside. [CV Doc. 1.] Petitioner claims that  because of ineffective assistance of counsel he was unable to appeal. His Motion sets forth each  issue that he would have appealed had his counsel complied with his alleged request to appeal.

To succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the outcome

would have been different but for counsel's inadequate performance.  Sandoval v. Ulibarri, 548

F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984))

In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of

counsel that are alleged not to have been the result of reasonable professional judgment."

Strickland, 466 U.S. at 690.  Petitioner must demonstrate that his counsel's performance fell

below an objective standard of reasonableness.  The Court determines "whether, in light of all

the circumstances, the identified acts or omisions were outside the . . . range of professionally

competent assistance." Id.  There is a strong presumption that counsel rendered adequate

assistance and exercised reasonable professional judgment. Strickland, 466 U.S. at 688.

"Conclusory allegations are insufficient to support an ineffective assistance of counsel claim."

U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994)

Finding prejudice under the second Strickland prong, requires that the Petitioner

demonstrate that his attorney's alleged deficient performance prejudiced the defense.  Strickland,

466 U.S.  at 687.  In the context of asserting ineffective assistance of counsel for a plea

agreement, Petitioner is required to show that "counsel's deficient performance affected the

outcome of the plea process and there is a reasonable probability that but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." U.S. v. Clingman, 288

F.3d 1183, 1186 (10th Cir. 2002) (*citing*  Miller v. Champion, 262 F.3d 1066, 1072 (10th

Cir.2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

In applying the two-part Strickland test, a court may address the performance and

prejudice components in any order.  Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999)

(*citing* Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005).  The

4

Court need not address both components if the petitioner fails to make sufficient showing of either.  Id.

## ANALYSIS

### Ground One: Failure to Appeal

In Ground One, Petitioner raises two issues.  First, Petitioner claims that he requested that his counsel appeal, counsel failed to appeal and when Petitioner appealed *pro se*, the appeal was dismissed by the Tenth Circuit as untimely. [CV Doc. 1 at 4.] Petitioner further claims that he invalidly waived his right to appeal. [CV Doc. 1 at 5.]

A knowing and voluntary waiver of the right to appeal or to collaterally attack a sentence is  enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001) (citing United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1198)).  Waivers are subject to certain public policy exceptions permitting an appeal which are not implicated here.[1]  The Court can determine if defendant was informed of the waiver by examining the language in the plea agreement itself and looking to the plea colloquy between the defendant and the court.   United States v. Sandoval, 477 F.3d 1204, 1207 (10th Cir. 2007).  Courts evaluate the enforceability of such waivers by applying a three part analysis, "(1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his right; and (3) whether enforcing the waiver would result in a miscarriage of justice."  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir.

---

[1] United States v. Jefferson, 63 Fed.Appx. 439, 442 (10th Cir.2003) (*citing* United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir.2001)) (The exceptions permitting appeal are "where (1) a district court has relied on an impermissible factor such as race, (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) the sentence exceeds the statutory maximum, or (4) the waiver is "otherwise unlawful.")

2004) (en banc).  Petitioner bears the burden of demonstrating that his waiver was not knowing

and voluntary.  Sandoval, 477 F.3d at 1207.  Petitioner also has the burden to demonstrate that

the waiver results in the miscarriage of justice.  Hahn, 359 F.3d at 1325.

Petitioner's Plea Agreement itself contains a section entitled WAIVER OF APPEAL

RIGHTS (underline and capitalization in Agreement).  The waiver states:

> The defendant is aware that 28 U.S.C. §1291 and 18 U.S.C. §3742 afford a defendant
> the right to appeal the conviction and the sentence imposed.  Acknowledging that,
> the defendant knowingly waives the right to appeal this conviction and/or any
> sentence within the statutory maximum penalty authorized by law.  In addition, the
> defendant agrees to waive any collateral attack to this conviction and/or sentence
> pursuant to 28 U.S.C. §2255, except of the issue of ineffective assistance of counsel.

[Agreement at 7.]

The Plea Agreement further states that "[t]he defendant agrees and represents that this plea of

guilty is freely and voluntarily made and not the result of force or threats or of promises apart

from those set forth in this plea agreement." Id.   In the Plea Agreement, Petitioner specifically

waived his right to raise any collateral challenge in connection with his conviction or sentence.

Now he alleges he invalidly waived his right to appeal and that is cause to reverse his sentence.

Petitioner does not set forth any credible facts to suggest that his waiver was made unknowingly

or involuntary.  He does not allege that he objected to the waiver provision or that he was

coerced into entering into the Plea Agreement.

Petitioner's testimony under oath at the plea hearing completely contradicts his assertion

that his waiver was invalid.  Petitioner testified that the Plea Agreement was read to him in

Spanish, that he discussed the Plea Agreement with his attorney before signing, that he signed

the Plea Agreement voluntarily, and that he understands each and every provision "fully and

completely." [Tr. 14:12-25; 15:1-2.]  Petitioner further testified that he understood he was

6

giving up his right to directly appeal both his conviction and the sentence he would receive. [Tr. 18:2-15.] He also testified that he understood he was giving up the right to collaterally attack his conviction or sentence by writ of habeas.  [Tr. 18:7-12.] Defendant repeatedly stated that he understood the provisions of the Plea Agreement including his rights, the charges and that he was giving up his rights in exchange for certain concessions.  [CR. Doc. 50.]  Based on this colloquy, Judge Martinez made specific findings that ". . . defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charge he's facing and all the consequences of his plea, that the plea of guilty is a knowing and voluntary plea."  [Tr. 21:13-19.] The record supports a finding that Petitioner fails to demonstrate that his waiver was unknowing or involuntary.  Likewise, Petitioner fails to demonstrate how his waiver results in a miscarriage of justice.  Additionally, there is no evidence that the Court relied on any of the exceptions that would permit appeal. Jefferson, 63 Fed.Appx at 442.   Therefore, this Court finds that based on the record, Petitioner's Plea Agreement contains an enforceable waiver.

In United States v. Cockerham, the Court held that "a plea agreement waiver of postconviction rights does not waive the right to bring a 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver."  237 F.3d at 1187. The Court further held that "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id.   A waiver of appeal in a plea agreement does not bar a claim that counsel was ineffective for refusing to file an appeal despite a defendant's instructions to appeal. United States v. Guerrero, 488 F.3d 1313, 1315 (10th Cir. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000); United States V. Snitz, 342 F.3d 1154 (10th Cir. 2003); United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005)).  However,

7

a valid waiver of collateral challenges in the plea agreement waives the right to bring a Section 2255 motion except for ineffective assistance claims which challenge the validity of the plea or the waiver. Cockerham, 237 F.3d at 1187.

Petitioner's claim that his counsel failed to file an appeal does not challenge the validity of the his plea agreement or the waiver. In his Motion, Petitioner merely claims that he is entitled to an appeal as a "matter of right."  [CV Doc.1.] Petitioner states that his attorney's failure to file an appeal is professionally unreasonable. Id.  In rebuttal of Petitioner's claim, the government introduces an affidavit from Petitioner's attorney averring that Petitioner never requested that counsel file an appeal on his behalf. [CV Doc. 6-1.] Even if Petitioner had made the request to his counsel, an appeal challenging the sentence would be moot given the provisions of the Plea Agreement.  Notwithstanding Guerrero which finds and the government concedes that an evidentiary hearing may be required, the Court finds Petitioner's assertion that he requested counsel appeal not credible based on the record herein.

A claim of ineffective assistance of counsel that does not relate to the plea negotiation or waiver itself will not survive a knowing and voluntary § 2255 waiver. [Agreement at § 12]; See United States v. Macias, 229 Fed. Appx. 683, 687 (10th Cir.2007) (unpublished) ("claim that counsel failed to consult defendant about appeal barred by waiver of collateral challenges in plea agreement"); United States v. Davis, 218 Fed. Appx. 782, 784 (10th Cir.2007) (unpublished)[2] ("claim that counsel failed to file appeal does not go to validity of plea or waiver and therefore barred by plea waiver").  Based on the foregoing, the Court finds that Petitioner's claim of

---

[2] Unpublished opinions are not binding precedent. The Court cites Macias and Davis because of their persuasive value. See 10th Cir. R. App. P. 32.1(A).

ineffective assistance of counsel for failure to appeal does not relate to the plea negotiation or waiver and is therefore barred by the waiver of collateral attack contained in the Plea Agreement.

**Ground Two: Attorney's Alleged Deficient Performance**

Petitioner claims that he was denied effective assistance of counsel because of his court-appointed defense attorney's deficient performance.  First, Petitioner claims that counsel was deficient in her performance of acts that can be classified as "trial preparation and activities." [CV Doc.1 at 7.]  His assertions that his defense attorney failed to perform an investigation of witnesses, or to prepare a motion to suppress evidence or to object to testimony are not relevant. Petitioner cannot provide specific facts that support these claims because Petitioner did not seek to have his case tried before a jury; he entered into a plea agreement.  Given this decision, Petitioner's attorney would not be expected to investigate witnesses, or to prepare a motion to suppress.  There were not any witnesses at either the plea hearing or Petitioner's sentencing and testimony taken obviating any need to object to testimony.  There was no trial on the merits and therefore, Petitioner cannot demonstrate that counsel's performance prejudiced his defense.

Next Petitioner claims that his counsel failed to keep him apprised of his substantive rights and allegedly made "cumulative errors and omissions" depriving Petitioner of due process. [CV Doc. 1 at 7.]  Petitioner does not identify what rights he was not informed of or what specific errors or omissions that counsel made that prejudiced his defense.  The Plea Agreement sets forth the Petitioner's rights: "to plead not guilty; to have a trial by jury; to confront an cross-examine witnesses and to call witnesses to testify for the defense; and against compelled self-incrimination." [Agreement at 1.]  Petitioner waived these rights in the Plea Agreement. [Agreement at 2.]  At the plea hearing, the Court also informed Petitioner of his substantive

rights including his right to proceed to trial; have his attorney examine and cross examine witnesses; and introduce evidence. [Tr. 5:1-25.] Petitioner expressly waived these rights. [Tr.8:24-25, 9:1-6]  In the Plea Agreement, Petitioner admits to certain facts, summarized here: Petitioner entered a Border Patrol Checkpoint located on I-10, west of Las Cruces, New Mexico. He was driving a Chevrolet truck and was the sole occupant.  Petitioner was towing a second truck.  He consented to the seach of the vehicles by the Border Patrol agent which resulted in the discovery of over 30 kilograms of cocaine. [Agreement at 4.]  Petitioner admitted these same facts at the plea hearing. [Tr 19:1-25, 20:1-25.]  He further testified that he consulted his counsel, was satisfied with her representation, that the Agreement was read to him in Spanish and sufficiently explained to him. [Tr. 8:10-23; Tr.14:12-14.]  He testified that he understood the terms of the Agreement and was voluntarily entering into it. [Tr 14:18-25, 15:1-2.]  Petitioner's testimony at the plea hearing contradicts his claims that counsel failed to keep him apprised of his substantive rights or that there were errors or omissions that deprived the Petitioner of due process.  Again, Petitioner fails to demontrate any prejudice to his defense.

Finally, Petitioner claims that his attorney failed to adequately represent him at sentencing to obtain a "downward departure." [CV Doc. 1 at 7.]  The govenment argues that defense counsel put Petitioner "in best position for the most lenient sentence that she could." [CV Doc. 6 at 10.]  Petitioner must demonstrate what "acts or omissions" of his counsel were not reasonable professional judgment. Strickland, 466 U.S. at 688.  The record reflects that Petitioner plead guilty to possession, and by taking responsibility received a reduction in the base level of his offense. [PSR at 6.]  Other factors as set forth in the PSR resulted in additional reductions from the base level which included minimal participation. Id.  Petitioner ultimately

received a 41- month sentence undercutting the mandatory minimum by at least 80 months.  If Petitioner had proceeded to trial and a jury convicted him, he could have face 120 months of imprisonment.          This Court finds that all of Petitioner's claims asserted in Ground Two lack merit given the record and his sworn testimony in his criminal proceeding.

### Ground Three: Inability to Appeal Sentence

Petitioner claims that he was denied effective assistance of counsel because he was unable to appeal the sentence imposed by the District Court.  Petitioner claims that the Court erred in imposing sentence by failing to weigh 18 U.S.C. § 3553(a) factors.  Petitioner is limited by the Plea Agreement to filing a § 2255 motion for ineffective assistance of counsel. [Agreement at 7.]  As discussed previously, Petitioner fails to either demonstrate any prejudice to his defense or deficient performance in asserting ineffective assistance of counsel.

Turning to the merits of Petitioner's claims that the Court failed to weigh Section 3553(a) factors, the transcript of the sentencing hearing fails to support Petitioner's claims.  At the sentencing hearing, the Court stated that, "I have considered the factors of 18 United States Code, Section 3553, and in particular this defendant meets the provisions of 3553(F), the Safety Valve; and therefore, the sentence imposed will be pursuant to Section 5C1.2 with regard to the mandatory statutory minimum." [Sentencing hearing Tr. 5:6-11.]  The Court then sentenced the Petitioner in accordance with the recommendations set forth in the PSR.  The Petitioner was sentenced to a term of 41 months which was the minimum sentence applicable to the recommended sentencing guideline range. [Sentencing hearing Tr. 5:12-21.]  Petitioner fails to introduce any evidence to support his allegations and makes conclusory statements.  He stated that the Court "erred by not acknowledge [sic] and remaining silent on Petitioner's . . . argument

for below-guideline sentence based on fast track dispariry [sic] in this district." [CV Doc. 1 at 8.] He further stated that the Court chose a 108-months middle-range sentence. [CV Doc 1 at 8.] Contrary to Petitioner's assertions, the Court weighed the § 3553 factors and Petitioner benefitted from their application.  It is further evident that the sentencing judge explicitly identified how the sentence was determined and did not deviate from the recommendations contained in the PSR. This Court therefore finds that the Petitioner cannot demonstrate that ineffective assistance of counsel prejudiced him in the imposition of his sentence.

### Ground Four: Inability to Appeal the Indictment under Apprendi

Again, Petitioner claims that because he did not receive effective assistance of counsel he was unable to appeal the indictment under Apprendi.[3]  He claims that he did not receive fair notice in the indictment as to  the type and amount of drugs and the penalties he was facing. The government argues that the indictment tracked language from 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), that the Petitioner was advised in the Plea Agreement and at the plea hearing of the maximum penalties for the offense.

Upon review of the record, it is clear that the Plea Agreement specifically identified the type and amount of drugs. [CR Doc. 34.]  The Agreement expressly stated that ". . . the indictment charge[d] a violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A), that being possession with intent to distribute five (5) kilograms and more of a mixture and substance containing a detectable amount of cocaine, and 11 U.S.C. § 2, that being aiding and abetting." Id. at 2.  Petitioner was advised at his plea hearing of the type and amount of drugs. [Tr 10:15-19.]

---

[3] The Court assumes that Petitioner attempts to cite Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) for the proposition that the indictment was defective.

Petitioner was informed that ". . . you have been charged with possession with intent to distribute five kilograms or more of cocaine." Id.  Petitioner testified that he understood the charges. Id. The maximum penalty was also recited at the plea hearing and Petitioner testified that he understood the penalty. [Tr. 10:20-25; 11: 1-4.]   Considering the Strickland factors as they relate to the issues under Ground Four, Petitioner fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness or that there was prejudice to his defense.

**Ground Five**: **Sentencing Range Was Unreasonable**

Petitioner couches Ground Five in an ineffective assistance of counsel claim but asserts facts and issues similar to Ground Three.  Petitioner claims that the sentencing range was outside the range of reasonableness in light of Section 3553(a) factors.  "Sentencing decisions must be reversed when a sentence is unreasonable considering the factors enumerated in 18 U.S.C. §3553(a)." U.S. v. McCullough, 457 F.3d 1150, 1171 (10th Cir. 2006).  Where the sentence imposed by the district court is within the advisory guideline range, the sentence is considered reasonable from a procedural perspective and considered presumptively reasonable from a substantive perspective.  Id.

As discussed previously, the Plea Agreement provides that the minimum penalty the Court could impose for his offense was imprisonment for a period of not less than ten years and a manadatory term of supervised release of not less than five years.  Petitioner testified that he understood the penalty that could be imposed. [Tr. 11:2-4.]  The Plea Agreement further provides that Petitioner "agrees and represents...[t]here have been no representations or promises from anyone as to what sentence the Court will impose." [Agreement at 7, ¶15.]  Immediately preceding Petitioner's signature is the paragraph stating "I have read this agreement and

13

carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it." [Agreement at 9.]  Petitioner's testimony confirms that he understood the terms of the Plea Agreement and voluntarily entered into the Plea Agreement. [Tr 11:2-4; 14:22-24].  The District Court sentenced Petitioner to a term of 41 months imprisonment which was far less than the minimum 120 months years attributable to the Petitioner's offense.  Petitioner offers no explanation to support his claim that the sentence was unreasonable.

As addressed above, the Court considers the <u>Strickland</u> factors regarding the claim of ineffective assistance of counsel and finds that Petitioner has not demonstrated that his attorney's performance was deficient or that any alleged deficiency was so prejudicial that he would not have entered into the Plea Agreement if he had effective representation.

**Ground Six: Other Defendants Receive Disparate Sentences**

In Ground Six, Petitioner again couches his claims in an ineffective assistance of counsel argument.  Defendant alleges that his sentence was imposed without consideration of his status as a deportable alien.  Furthermore, because of his status, the Bureau of Prisons ("BOP") considers him ineligible for certain pre-release custody programs.  Defendant contends that the sentence and BOP's policy have subjected him to a longer prison term than an American citizen would serve.  He seeks reduction of his term of imprisonment asserting that a downward departure was appropriate at sentencing.  The Court of Appeals for the Tenth Circuit has rejected these substantive claims against the imposition of his sentence.

> "[Petitioner's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . .[t]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis. . .  We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from

confinement.

*Tamayo*, 162 Fed.Appx.813, 815-816 (10th Cir.2006) (internal citations omitted).

Under the Tenth Circuit's decision in *Tamayo*, the Court will deny this claim.

**Additional Grounds Asserted in Petitioner's Reply (Doc. 7**)

Petitioner asserts additional grounds in his Reply filed July 18, 2011. [Doc. 7.]  Petitioner

asserts facts and issues that are repetitive of the grounds set forth in his motion.  Petitioner's first

issue is that the waiver was invalid which this Court addresses under Ground One.  Petitioner

next asserts that he was not properly advised about his "Boykin" trial rights.[4]  This Court

addresses this issue in the analysis of Ground One and Ground Two and makes findings that

Petitioner was advised of all of his rights and entered his guilty plea knowingly and voluntarily.

Finally, Petitioner claims that the evidence was insufficient as a matter of law because the

government failed to prove that Petitioner had knowledge of the cocaine contained on the truck.

[Doc. 7 at 1.]  Petitioner testified at the plea hearing that he was guilty of the charges brought by

the government and voluntarily entered into the Plea Agreement. [Tr 11:2-4; 14:22-24.]  At his

sentencing, Petitioner addressed the Court and asked for forgiveness. [Sentencing hearing Tr.

4:22-25.]  Petitioner stated that this was the first time he had been in trouble. Id.  There was no

trial and no proof was required on the part of the government, nor was Petitioner's counsel

required to prepare a defense.  As discussed above, by entering into the Plea Agreement,

Petitioner received a more lenient sentence than if he had proceeded to trial.  Under Strickland,

Petitioner fails to demonstrate how his defense was prejudiced by ineffective representation

---

[4] Petitioner cites to Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969) assumably for the proposition that his guilty plea was not knowing and voluntary.

when his counsel was not required to prepare a defense because there was no trial.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2255 motion.  Therefore, the Court recommends that Petitioner's motion [Doc. 1] be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

Robert Hayes Scott
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE